UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PATRICIA P. OWENS                           CIVIL ACTION NO. 6:12-cv-01043

VERSUS                                      MAGISTRATE JUDGE HANNA

DOLGENCORP, LLC, INDIVIDUALLY               BY CONSENT OF THE PARTIES
AND D/B/A DOLLAR GENERAL

### RULING ON MOTION

Currently pending is the motion for summary judgment, which was filed on behalf of the defendant Dolgencorp, L.L.C., individually and d/b/a Dollar General (collectively "Dollar General"). (Rec. Doc. 20). For the reasons set forth below, the motion is denied.

### BACKGROUND

This lawsuit arose out of the plaintiff's alleged slip and fall in the Dollar General store located on Old Jeanerette Road in New Iberia, Louisiana, on or about April 17, 2011. The plaintiff testified at her deposition that she did not see, either before or after the accident, anything on the floor that might have caused her fall.[1] She testified that she did not recollect if her clothes were wet after the fall.[2] She

---

[1] Rec. Doc. 20-4 at 2, 3-4, 8.

[2] Rec. Doc. 20-4 at 8.

stated that she was so humiliated and traumatized by the fall that she did not check to see if her clothes were wet.[3] However, the plaintiff also testified that, when he came to her assistance, Dollar General employee Troy Calligan told her that they had "just mopped" the floor.[4] Mr. Calligan denies making that statement.[5] The plaintiff stated that she did not see any signs notifying the store's patrons that the floor was wet.[6]

Mr. Calligan testified in his deposition that the aisle where the plaintiff fell had not been mopped that day.[7] He also stated that if the aisle had been mopped, he would have been the one to do it, and he would have placed a stand sign in the aisle to caution the public that the floor was wet.[8] Additionally, he testified that the store is mopped with a damp mop after closing hours but mopping is done during the day only if there is a wet spot that needs to be cleaned up.[9] Mr. Calligan further testified that Dollar General does not maintain a written record of when spills are mopped up

---

[3] Rec. Doc. 20-4 at 8.

[4] Rec. Doc. 20-4 at 9.

[5] Rec. Doc. 20-4 at 16, 17, 18.

[6] Rec. Doc. 20-4 at 7.

[7] Rec. Doc. 20-4 at 15-16.

[8] Rec. Doc. 20-4 at 16.

[9] Rec. Doc. 20-4 at 17.

during the day. He testified that he told the plaintiff that a sign would have been placed if the floor was wet but he said, "I didn't tell her that it had been mopped."[10]

## LAW AND ANALYSIS

### I. THE SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable substantive law in the case.[11] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[12]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact.[13] If the moving party carries its initial burden, the burden shifts to the nonmoving party to

---

[10] Rec. Doc. 20-4 at 18.

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

[12] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

[13] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

demonstrate the existence of a genuine issue of a material fact.[14] If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[15] The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim.[16]

In this case, the plaintiff did not file a timely opposition to Dollar General's motion. However, the plaintiff did file an opposition brief after the deadline for opposing the motion elapsed. Technically, therefore, the motion is unopposed. That does not change the standard to be employed in deciding the motion. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."[17]

---

[14] *Washburn v. Harvey*, 504 F.3d at 508.

[15] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[16] *Condrey v. Sun Trust Bank of Georgia*, 431 F.3d 191, 197 (5th Cir. 2005).

[17] *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995), quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

## II. A GENUINELY DISPUTED ISSUE OF MATERIAL FACT PRECLUDES SUMMARY JUDGMENT

In diversity cases such as this one, federal courts must apply state substantive law.[18] In this case, the plaintiff is seeking to recover from a merchant for an injury allegedly sustained while lawfully on the merchant's premises. Under Louisiana law,

> [a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.[19]

In order to recover for injuries sustained because a merchant has not fulfilled this duty, a person injured on a merchant's premises must prove four elements. The necessary elements are set forth in the following statute:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury. . . sustained because of a fall due to a ***condition existing in or on a merchant's premises***, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following: (1) The ***condition presented an unreasonable risk of harm*** to the claimant and that risk of harm was reasonably foreseeable.

---

[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007); citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[19] La. R.S. 9:2800.6(A).

>(2) The ***merchant either created or had actual or constructive notice of the condition*** which caused the damage, prior to the occurrence.
>(3) The ***merchant failed to exercise reasonable care***. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[20]

In this case, Dollar General argues that the plaintiff cannot satisfy her burden of proof because she cannot prove any of these elements. More particularly, Dollar General argues that the plaintiff cannot prove: (1) the existence of a condition that caused her accident, (2) that the condition created an unreasonable risk of harm; (3) that Dollar General either created the condition or had actual or constructive notice of the condition before the accident; or (4) that Dollar General failed to exercise reasonable care.

While it is true that Ms. Owens testified at her deposition that she did not see water or any other substance that might have caused her all on the floor before or after her accident, she also testified that Mr. Calligan specifically told her that they "just mopped" the floor and that there were no signs. The implication of this alleged statement is that mopping the floor might have added water or another slippery substance – perhaps a cleaning agent used along with a wet or dry mop – to the floor that potentially led to Ms. Owens's fall. Mr. Calligan denies making that statement.

---

[20] La. R.S. 9:2800.6(B) [emphasis added].

This inconsistent testimony creates a genuine dispute concerning a material fact, i.e., the condition of the floor at the location where Ms. Owens fell at the time of her accident. It also creates an issue concerning whether Dollar General exercised reasonable care under the circumstances presented just prior to the accident by not puttingup a sign. The inconsistency between Ms. Owens's testimony and that of Mr. Calligan also creates a credibility issue that is best left to the jury. Accordingly, this genuine factual issue precludes the entry of summary judgment in Dollar General's favor.

## CONCLUSION

There being a genuine factual dispute concerning the condition of the floor at the time of Ms. Owens's alleged accident, Dollar General's motion for summary judgment (Rec. Doc. 20) is DENIED.

Signed at Lafayette, Louisiana, this 26th day of November 2013.

```
                          _____
                          PATRICK J. HANNA
                          UNITED STATES MAGISTRATE JUDGE
```